IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50520
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

CARLOS DION MATTHEWS,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(W-95-CR-20)
_____
July 15, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Carlos Dion Matthews appeals his jury convictions for
aggravated sexual abuse and kidnaping in violation of 18 U.S.C. §§
1201(a)(2), 2241(a)(1) and 2246.  Matthews raises two arguments on
appeal.  He first argues that the district court committed
reversible error by failing to instruct the jury that the lack of
a victim's consent is an essential element to the crime of

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

aggravated sexual abuse.  Second, Matthews claims that there is insufficient evidence to prove that the acts occurred at Fort Hood, Texas, a location subject to the special maritime and territorial jurisdiction of the United States.  We affirm the convictions.

I

At trial, two government witnesses testified that they were the victims of Matthews's sexual attacks.  One witness, a fifteen-year-old female, testified that she met Matthews one night at a dance club and agreed to drive with him to a store.  Instead, Matthews drove her to a secluded country road, parked the car and, following a struggle, raped her.  Matthews then drove the victim back to the dance club and released her at about 4:00 a.m.  Early that morning, the victim directed local police and military officers to the site of her attack.  Both groups of investigators agreed that the attack site was within the boundaries of Fort Hood and testified accordingly at trial.

The government's second witness testified that she met Matthews at a dance club and that, on the pretext of driving to a restaurant, he drove her to a field.  Matthews parked the car on a dirt road and began making sexual advances toward the witness.  She testified that a struggle ensued, and she managed to escape.  The next day, she directed a Fort Hood criminal investigator to the attack site.  The investigator testified at trial that the location

was within Fort Hood's boundaries.

A jury convicted Matthews of one count of aggravated sexual abuse and two counts of kidnapping on a federal reservation. He was sentenced to 210 months of imprisonment, which is to be followed by five years of supervised release.

## II

Matthews argues that the district court erred by not instructing the jury that the victim's lack of consent was an essential element to proving the crime of aggravated sexual abuse. The record indicates, however, that defense counsel expressly stated at trial that he had no objections to the proposed jury charge. In the light of Matthews's failure to object, this issue is subject to the plain error standard of review. FED. R. CRIM. P. 52(b).

In reviewing for plain error, an appellate court has discretion to correct unobjected-to errors only when the appellant has shown that there is an error, the error is "clear" or "obvious" and it affects substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)), cert. denied, 115 S.Ct. 1266 (1995). Based on our review of the record and our reliance on persuasive precedent, we hold that Matthews has failed to show any error regarding the district court's failure to instruct the jury

on a victim's lack of consent in connection with the sexual abuse charges against Matthews.

In reaching our conclusion, we adopt the reasoning of the Ninth Circuit in United States v. Rivera, 43 F.3d 1291, 1297-98 (9th Cir. 1995). In that case, the Ninth Circuit held that a district court's jury charge fairly and adequately covered the issues presented at trial notwithstanding the court's refusal to instruct the jury that consent was a defense to the crime of aggravated sexual abuse under 18 U.S.C. § 2241(a). The Ninth Circuit noted that the legislative history of the sexual abuse statute "reveals that `[l]ack of consent by the victim is not an element of the offense, and the prosecution need not introduce evidence of lack of consent or of victim resistance.'" Rivera, 43 F.3d at 1298 (quoting H.REP.NO. 594, 99th Cong., 2d Sess. 14, reprinted in 1986 U.S.C.C.A.N. 6186, 6194).

In this case, the district court's instruction fairly and adequately tracked the language of section 2241(a)(1), which does not include lack of consent as an element of the offense. Id.; 18 U.S.C. § 2241(a)(1) (West Supp. 1996). Matthews, who failed to object to the district court's proposed jury instructions when he was given the opportunity, has no ground for now claiming reversible error.

III

Matthews also argues that there was insufficient evidence to prove that the offenses occurred within the territorial boundaries of Fort Hood. Without citing authority to support his position, Matthews argues that the government failed to prove its case (and that the federal district court therefore lacked jurisdiction) because surveys and original land grants were not used to establish the location of the offenses.

Matthews moved for a judgment of acquittal after the government rested its case in chief but failed to renew his motion at the close of all the evidence. In this procedural posture, we can review his challenge to the sufficiency of the evidence only to determine whether there was a manifest miscarriage of justice. United States v. Shaw, 920 F.2d 1225, 1230 (5th Cir.), cert. denied, 500 U.S. 926 (1991). "Such a miscarriage would exist only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking." United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir.) (en banc) (internal quotations and citations omitted), cert. denied, 506 U.S. 898 (1992).[1]

_____

[1]This court has questioned whether the "miscarriage of justice" standard is distinguishable from the "sufficiency of evidence" standard employed if a defendant does make a motion for acquittal at the conclusion of the trial. See United States v. Pennington, 20 F.3d 593, 597 n.2 (5th Cir. 1994). However, because only the court sitting en banc can reverse precedent, Matthews's insufficiency claim must be reviewed under the "miscarriage of

Both victims and three investigating officers (one from the local police and two from the military) testified regarding the locations of the offenses.  Each officer testified that the offenses occurred within the boundaries of Fort Hood.  In addition, a senior civil engineer and registered land surveyor for the Fort Hood Engineering Branch testified that the locations indicated by the victims as the attack sites were within Fort Hood's boundaries.  In sum, this record is replete with--rather than devoid of--evidence that the offenses occurred on Fort Hood.

Accordingly, Matthews's claims are denied and his convictions are

A F F I R M E D.

---

justice" standard.  See United States v. Laury, 49 F.3d 145, 151 & n.15 (5th Cir.), cert. denied, 116 S.Ct. 162 (1995).